UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CURTIS W. YODER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-80-HAB-SLC |
| COREY MALCOLM, | |
| Defendants. | |

OPINION AND ORDER

Curtis W. Yoder, a prisoner without a lawyer, filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Yoder alleges that one day between December 23, 2022, and January 1, 2023, several guards came into his cell. He retreated to his bunk and went to the floor to protect himself. As he did so, he says Confinement Guard Corey Malcolm kicked and stomped on his chest and pelvic area, resulting in two broken ribs and other injuries. Yoder alleges that the assault was unnecessary and unprovoked.

Because Yoder was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, Yoder plausibly alleges that Malcolm used objectively unreasonable force against him. He may proceed on this claim.

Yoder also names as a defendant the Allen County Sheriff. But this appears to be an error, as the sheriff is not mentioned in the body of the complaint. The sheriff cannot be held liable under 42 U.S.C. § 1983 for his employee's actions just because he oversees the jail. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Instead, he must have some personal involvement. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). Because there is no basis in the complaint to infer the sheriff was personally involved in the alleged use of force, he will be dismissed.

For these reasons, the court:

(1) GRANTS Curtis W. Yoder leave to proceed against Correctional Guard Corey Malcolm in his individual capacity for compensatory and punitive damages for using objectively unreasonable force when he stomped on and kicked Yoder unnecessarily sometime between December 23, 2022, and January 1, 2023 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Allen County Sheriff;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Corey Malcolm at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Corey Malcolm to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 26, 2023.

s/Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT